## MORAN DRILLING CO. et al. v. RICE et al.

No. 24213. Opinion Filed April 25, 1933.

Hayes, Richardson, Shartel, Gilliland & Jordan, for petitioners.

Tom W. Garret, for respondents.

OSBORN, J. This is an original action in this court to review an award by the State Industrial Commission in favor of F. B. Rice and against the Moran Drilling Company.

The record shows that claimant was injured on the 6th day of May, 1932, while in the employ of petitioner, by the explosion of a boiler; that he suffered numerous injuries, including the total loss of one eye.

On the 10th day of October, 1932, the Commission made an order finding that claimant was permanently partially disabled by the total loss of his right eye and a five per cent. loss of vision in his left eye, due to the said accidental injury, and awarded compensation for 252½ weeks at the rate of $18 per week on the basis of 52½ per cent. total loss of both eyes.

The only issue presented for review is as to the sufficiency of the evidence to sustain the findings of the Commission that there was a five per cent. loss of vision in the left eye as a result of the accident.

The record shows that claimant was injured in a boiler explosion; that he was blown about 75 or 80 feet from the boiler. He describes his injury in the following language:

"I was burned on my left side and bruised in my back and knee; my left knee was bruised, the under part of my knee and my face was burned completely over and I was blinded completely and could not see at all. I pulled something out between my eyes and I had cuts and bruised places all over my face. About the fourth day I could see a little out at the hospital and my right eye the vision never did come back; I could see light or a red glow was all I could see."

Claimant testified that prior to the accident he had been a watchmaker, and was able to do watch repair work without glasses, indicating a normal vision, and since the accident could do but very little reading, even with the use of glasses.

The medical witnesses were somewhat hesitant to testify directly and positively that the loss of vision in the left eye was caused by the accident. However, Dr. C. F. Loy, an eye specialist, stated:

"He had perfect vision in his left eye before the injury. I know of no other reason for the small per cent. loss of vision he has over and above his refractive error except the injury."

Other doctors testified that in their opinion the loss of vision was not due to the accidental injury. The above statement of Dr. Loy, however, is representative of the trend of the testimony of the medical witnesses. In the case of Magnolia Petroleum Co. v. Snapp, 149 Okla. 51, 299 P. 137, it is said:

"Evidence that an employee's sight in one eye began to fail shortly after an injury to the other eye, and that the condition might have resulted from the injury, is sufficient to support a finding by the State Industrial Commission that the injury did result therefrom."

The testimony of the medical witnesses, the testimony of claimant, together with the nature of the injury, and other surrounding facts and circumstances, in the

light of the above authority, are sufficient to sustain the finding of the Commission upon which the award is based.

The award of the State Industrial Commission is sustained.

RILEY, C. J., CULLISON, V. C. J., and McNEILL, BAYLESS, and BUSBY, JJ., concur. SWINDALL, ANDREWS, and WELCH, JJ., absent.